UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Douglas Anthony Pendergrass,                    )
                                                )  C/A No. 6:11-1384-HFF-KFM
                              Plaintiff,         )
                                                )  **REPORT AND**
vs.                                             )  **RECOMMENDATION**
                                                )  **FOR PARTIAL DISMISSAL**
Captain T. W. Brunson; and U.S. Marshals Service, )
                                                )
                              Defendants.        )
_____ )

The plaintiff, Douglas Anthony Pendergrass ("Plaintiff"), proceeding *pro se*,

brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a federal detainee at Florence

County Detention Center, a facility in Effingham, South Carolina, and files this action *in*

*forma pauperis* under 28 U.S.C. § 1915. The Complaint sues Defendant Brunson, and by

Order dated July 7, 2011, the United States Marshals Service was directed to serve

Defendant Brunson. ECF No. 16. The U. S. Marshals Service complied with the order by

serving Defendant Brunson on August 18, 2011, and filed a process receipt and return on

August 31, 2011. ECF No. 23. On August 29, 2011, Plaintiff filed a document construed

as an Amended Complaint because it states: "I would now like to add the U.S. Marshal

Service as a defendant in my action, for leaving me in the physical care of the defendant

and withholding such service" of the Complaint. ECF No. 27. The Amended Complaint

fails to state a claim against the Defendant U.S. Marshal Service, therefore, the Defendant

U.S. Marshals Service should be dismissed as a party Defendant, prior to service requiring

a response. Defendant Brunson has filed an Answer to the pleadings. ECF No. 32.

**Discussion**

Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review pleadings, including amended complaints, and submit findings and recommendations to the District Court.  The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i-iii); *see also* 28 U.S.C. § 1915A (prisoner cases against government officials subject to the same standard).   As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*).   However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.   The requirement of liberal construction does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The Amended Complaint claims "the service of this action is being purposely withheld by the U.S. Marshal Service, allowing the defendant to hide behind the color of law."  ECF No. 27 at 1.  The Amended Complaint then states Plaintiff "would now like to add the U.S. Marshal Service as a defendant in my action, for leaving me in the physical care of the defendant, and withholding such service."  *Id*. at 2.  Plaintiff requests, "as a sanction against the illegal withholding of the service of the civil action," court orders for "immediate service of my complaint," a "temporary injunction or restraining order" to "block

2

the continued current circumstances of confinement," and an order "directing the U.S. Marshal Service to transfer the plaintiff back to the Dillon County Jail for the continued confinement awaiting the final disposition of his criminal matter." *Id*. at 2-3.

Any possible claim based on the "illegal withholding" of service by the U.S. Marshal Service is moot, because service has been accomplished within the time allowed by Rule 4 of the Federal Rules of Civil Procedure. Thus, Plaintiff is not entitled to the "sanctions" he requests as relief for "withholding" service. Additionally, in as much as the Amended Complaint could be construed as a claim against the U.S. Marshals Service "for leaving [Plaintiff] in the physical care of the defendant" Brunson, the pleading fails to state a claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)(a plaintiff may obtain damages for injuries caused by a federal agent acting under color of his authority in violation of the plaintiff's constitutionally protected rights). A *Bivens* action is not viable against a federal agency, such as the U.S. Marshals Service. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002)("*Bivens* action does not lie against either agencies or officials in their official capacity"). The Amended Complaint fails to state a claim on which relief may be granted, so the Defendant U.S. Marshals Service should be dismissed as a party Defendant without requiring service and a response.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss, without prejudice, Defendant U.S. Marshals Service.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismiss for failure to state a claim).  **Plaintiff's attention is directed to the important notice on the next page.**


October 5, 2011                                  s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).