IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Douglas Anthony Pendergrass, ) | |
| ) | C/A No. 6:11-1384-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Captain T.W. Brunson, ) | |
| and U.S. Marshal Service, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Douglas Anthony Pendergrass ("Plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On October 5, 2011, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") recommending that the court dismiss the Defendant, U.S. Marshals Service, from this case without prejudice. (Dkt. # 35). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 35 at 5). Plaintiff filed objections to the Magistrate Judge's Report on October 19, 2011. (Dkt. # 45).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed.   However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.  The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.

In his objections, Plaintiff seeks to amend his Complaint to name an unknown marshal as a Defendant.  Liberally construing this as a motion to amend, the court denies this motion as futile.

The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.1994). *See also  Sandin v. Connor*, 515 U.S. 472 (1995) (holding liberty interests for prisoners are "limited to freedom from restraint

which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Inmates also do not have any constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976). Accordingly, Plaintiff's amendment is futile.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that only the Defendant, U.S. Marshals Service, is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismiss for failure to state a claim).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 6, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.