IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Douglas Anthony Pendergrass, | ) | |
| | ) | C.A. No. 6:11-1384-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Captain T.W. Brunson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The petitioner, Douglas Anthony Pendergrass (Pendergrass), who is proceeding *pro se*, seeks relief pursuant to 42 U.S.C § 1983. Pendergrass was a federal detainee in the Florence County Detention Center (FCDC) at the time he filed his complaint. He is now incarcerated in the Nash Correctional Institute in Nashville, North Carolina.

Pendergrass alleged Fourteenth Amendment Due Process and Americans with Disabilities Act (ADA) violations based on his placement and continuous housing in protective custody after requesting the use of his cane, rather than other available aids. On December 2, 2011, the respondent, Captain T.W. Brunson (Brunson), filed a motion for summary judgment. (Dkt. No. 52.) Pendergrass filed his response in opposition on April 12, 2012. (Dkt. No. 72.)

This matter is now before the court for review of the Report and Recommendation (Report) of United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. (Dkt. No. 78.)[1] The Report

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do

recommended granting Brunson's motion for summary judgment. The magistrate judge reasoned that (1) Pendergrass failed to exhaust his administrative remedies, (2) Brunson acted within her discretion and in accordance with legitimate government purposes, (3) Brunson is entitled to Eleventh Amendment immunity, (4) Brunson made adequate accommodations for Pendergrass's disability and did not act in retaliation, and (5) Brunson is entitled to qualified immunity.

Pendergrass filed his objections to the Report (Objections) on August 17, 2012. (Dkt. No. 92.) Pendergrass's specific objections include: (1) Brunson violated his clearly established constitutional due process rights based on a liberty interest created by the ADA; and (2) Eleventh Amendment Immunity does not apply because Title II of the ADA abrogates state sovereign immunity and Brunson was no longer acting in her official capacity when she decided to keep Pendergrass in protective custody. The remainder of Pendergrass's objections are either general and conclusory or immaterial to the outcome of the summary judgment motion. *See Orpiano*, 687 F.2d at 44.

The court adopts the Report and grants Brunson's motion for summary judgment.

## I.

### APPLICABLE LAW AND ANALYSIS

#### A. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine"

---

not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## B. CONDITIONS OF CONFINEMENT

Pendergrass first objects to the magistrate judge's classification of his claim as one falling under the disability standard articulated by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520, 537-538 (1979). Rather, Pendergrass states that "the imposition of his isolation was in direct violation of clearly established law under Title II of the Americans with Disabilities Act." (Dkt. No. 92 at 10.) In addition, Pendergrass contends that Title II of the ADA establishes a liberty interest under the Fourteenth Amendment so that "any placement of a disabled individual in segregation in regards to a medical device used for the purpose of ambulating with respect to that individual's disability, has crossed the threshold of violating" the due process and equal protection rights of disabled individuals that Congress intended Title II of the ADA to protect. (Dkt. No. 92 at 10-11.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. A plaintiff seeking relief under the ADA must present sufficient evidence to establish that: (1) he has a disability; (2) he is otherwise qualified to receive the benefits of the public services, programs, or activities; and (3) he was denied the benefits of such services, programs, or activities because of his disability. *See Constantine v. Rectors & Visitors of George*

*Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999).

Pendergrass's failure to establish the second and third factors lead the court to adopt the magistrate judge's position. The FCDC and Brunson presented Pendergrass with the choice of using an alternative walking aid or keeping his cane and remaining in protective custody. By requesting to keep his cane, Pendergrass disqualified himself from the benefits and services associated with remaining in the general population at the FCDC. Also, Pendergrass has failed to show, beyond mere allegations, that Brunson kept him in protective custody because of his disability, rather than for legitimate government purposes like safety and security concerns. Without establishing these two factors, Pendergrass's ADA claim fails. Consequently, Brunson did not engage in conduct that violated the Fourteenth Amendment.

## C. ELEVENTH AMENDMENT IMMUNITY

Next, Pendergrass objects to the magistrate judge's recommendation to dismiss his money damages claims against Brunson because of Eleventh Amendment sovereign immunity. Pendergrass contends that (1) Title II of the ADA abrogates state sovereign immunity and (2) Brunson was not acting in her official capacity when she "not only failed, but refuse[d] to entertain and pursue other options to the plaintiff's confinement to [protective custody] when presented with the alternative option of the use of the wheelchair." (Dkt. No. 92 at 18-19.)

The Fourth Circuit has held that South Carolina sheriffs are state agents for purposes of Eleventh Amendment immunity, and therefore not amendable to suit in federal court. *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). The ADA provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter." § 12202. The

Supreme Court has interpreted this section as an unequivocal abrogation of state sovereign immunity. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-364 (2001). However, Title II validly abrogates state sovereign immunity only "insofar as [it] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." *U.S. v. Georgia*, 546 U.S. 151, 159 (2006).

Brunson's conduct did not violate the Fourteenth Amendment. Therefore, she remains entitled to Eleventh Amendment immunity.

In addition, Pendergrass's contention that Brunson was not acting within her official capacity when making decisions about his classification lacks merit. Brunson's decisions were well within her discretion as an employee of the Sheriff of Florence County.

## II.

### CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 78.) It is therefore **ORDERED** that the respondent's motion for summary judgment is **GRANTED**. (Dkt. No. 52.)

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
September 26, 2012

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.